THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FÉLIX ALVAREZ APONTE, Defendant and Appellant.

Nos. 14016 and 14017.—Argued January 9, 1950.—Decided January 26, 1950.

792

M. *Figueroa del Rosario* for appellant; *Vicente Géigel Polanco,
Attorney General, J. Rivera Barreras, Fiscal of the Supreme
Court,* and *Fernando Fornaris, Jr., Assistant Fiscal,* for ap-
pellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The sole question for decision in these cases is whether a
court may refuse to admit in evidence, for the purpose of
impeaching the testimony in open court of two witnesses for
the prosecution, copies of sworn and written statements made
by those same witnesses in the preliminary investigation of
the case, on the ground that said copies were furnished to
the defendant by the military authorities when the defend-
ant was discharged from the army.

After defendant laid down the proper basis to impeach
the testimony of the witnesses for the prosecution, Juan
Cintrón and Israel Ghiglioty, the former being the only eye-
witness of the events, he offered in evidence the sworn state-
ments made by said witnesses before the Municipal Judge of
Añasco and before the District Attorney of Mayagüez in the
preliminary investigation of the case, and which, according
to the defendant, tended to contradict the testimony of said
witnesses at the trial.   It is an admitted fact that at the time
of the occurrence the defendant was a member of the Armed
Forces, that the latter as well as the civil authorities made
an investigation of the case and that the district attorney
furnished to the military authorities a copy of the investiga-
tion made by him and that, upon the defendant being dis-
charged from the Army, and as part of his record, a copy
of said investigation was delivered to him.   There is nothing

in the record tending to show that the defendant obtained it illegally. The only reason stated by the lower court for refusing to admit the statements of the two witnesses was based on asking first the following: "Under what authority, with what right, did the Army put in the hands of the defendant private documents which the office of the district attorney of Mayagüez furnished it? That is the question," and later deciding that "The court must overrule the motion. It is inconceivable how the Army has put in the hands of the defendant documents which were furnished by the office of the district attorney. Therefore, motion is overruled. It is an immorality of the Army and the court can not tolerate those immoralities of the Army. It is an immoral practice, an abuse, and ill-considered of the Army, and the civil courts of Puerto Rico can not permit the Army to act in contravention to law."

The two errors assigned by the defendant in the appeal of case No. 14,017 from the judgment of conviction of voluntary manslaughter sentencing him to two or three years in the penitentiary, as well as in that of No. 14,016 convicting him of carrying weapons [1] and sentencing him to three months in jail, are directed to the nonadmission of the evidence. The Assistant *Fiscal* of this Court consents to the reversal prayed by the appellant because he believes that the errors committed by the lower court were prejudicial to the defendant. We shall dispose first of Case No. 14,017 on voluntary manslaugther.

██ We shall not pass on whether the military authorities acted correctly in delivering to the defendant a copy of the preliminary investigation made by the district attorney in this case. The bare fact is that the defendant had in his possession, without infringing any law on his part, said copy. And furthermore, that after the defendant had laid down

---

[1] By stipulation of the parties both cases were tried jointly in the lower court but separate appeals were taken.

the basis to impeach the veracity of the witnesses Cintrón and Ghioglioty, under § 159 of the Law of Evidence as well as under § 245 of the Code of Criminal Procedure, as repeatedly construed by this Court—*People* v. *Santos*, 69 P.R.R. 408 and cases cited therein—he was entitled to introduce in evidence a copy of the statements previously made by those witnesses for the purpose of impeaching their testimony at the trial in connection with the essential fact as to the manner in which the events took place, since the theory of the defendant was that he acted in self-defense when he inflicted the wounds that caused the death of his opponent Juan Varela. The summary of the district attorney, that is, his preliminary investigation, no longer partook of the secret nature which it might have had,[2] for the defendant had a copy legally obtained.

No case has been cited to us and we have found none in our search on the matter, supporting that under the surrounding circumstances in the instant case, the statements in possession of the defendant can not be used to contradict the testimony of witnesses for the prosecution at the trial.

The error committed by the lower court in not admitting the evidence for that particular purpose, was, in our opinion, prejudicial to the defendant and warrants the reversal of the judgment and the granting of a new trial. *People* v. *Santos, supra.*

As to the case of carrying weapons, No. 14,016, the situation is different. Although both were tried jointly, in this case evidence was introduced, not only by the prosecution but by the defendant himself who admitted that for several days prior to the occurrence, he carried the knife with which he caused the death, "in order to defend my life from any assault I carried that weapon because I can not use my

---

[2] See *People* v. *Díaz et al.,* 22 P.R.R. 177; *People* v. *Beltrán et al.,* 18 P.R.R. 908; *People* v. *Escobar,* 55 P.R.R. 491; cf. *Castro* v. *González,* 58 P.R.R. 369.

legs." [3]   The theory of the defendant in the felony case that he acted in self-defense when he inflicted the wounds which caused the death of Juan Varela, even if it should prevail after permitting the impeachment of the witnesses Cintrón and Ghiglioty, does not unburden him of the proved fact that the defendant was unlawfully carrying the knife.

The judgment in case No. 14,017 on voluntary manslaughter will be reversed and the case remanded for a new trial and the judgment in case No. 14,016 on the carrying of weapons will be affirmed.

---

[3] The evidence showed that as the result of an explosion of a granade the defendant sustained the fracture of both legs and wounds in different parts of the body; that he was confined in military hospitals here and in the United States for more than two years and that when the events of this case took place he had been recovering for one month in Añasco and had not been yet discharged from the army.